## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

| | | |
|---|---|---|
| _____ | ) | |
| TIMOTHY HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-2138 C |
| | ) | |
| v. | ) | Filed: January 14, 2022 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Timothy Hankins filed this action against the United States alleging a racketeering scheme perpetrated by members of his family, state officials in North Carolina, numerous attorneys, and state and federal judges. Plaintiff claims these individuals took various actions that resulted in the theft of several properties owned by Plaintiff, ruined his general contractor career, and forced the closure of his family farm. Before the Court is Defendant's Motion to Dismiss Pro Se Complaint (ECF No. 9) pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), as well as numerous motions filed by Plaintiff seeking various forms of relief (ECF Nos. 7, 16, 19, 22), including a request to proceed in forma pauperis and for appointment of counsel. For the reasons discussed below, Plaintiff's Complaint fails to state a claim subject to the limited jurisdiction of the Court. Accordingly, this case must be **DISMISSED**.

# I.  BACKGROUND

## A.    Factual History

Plaintiff's Complaint concerns a complicated web of alleged lies and corruption, arising at least in part from matters related to Plaintiff's divorce from his ex-wife, Sardia Hankins.  Plaintiff seeks redress for alleged harms perpetrated against him and the African American community primarily by state officials, attorneys, and private parties in North Carolina.  Pl.'s Compl. at 1, ECF No. 1.[1]

First, Plaintiff claims Mrs. Hankins conspired over the course of 20 years with attorney David Shearon to defraud Plaintiff of $6 million, actions which were allegedly aided through orders entered by two judges in state court proceedings.  *See, e.g.*, *id.* at 2, 9, 12, 14–15.  Plaintiff's allegations of judicial misconduct and alleged violations committed by state court officials appear to stem from Plaintiff's dissatisfaction with decisions issued in one or more state court cases to which he is or was a party.[2]  According to Plaintiff, he is currently banned from appearing at his local courthouse without a lawyer and believes the local judges are conspiring with Mrs. Hankins and Mr. Shearon to defraud him of money.  *Id.* at 17.  Second, Plaintiff claims two other attorneys conspired to terminate custody of his children.  *Id.* at 11.  These allegations seemingly concern child custody issues litigated in Plaintiff's divorce proceedings.  Lastly, Plaintiff accuses North

---

[1] It does not appear from the docket that Plaintiff filed a formal complaint utilizing the court's pro se complaint form.  The initial document filed in this case is titled as an amended application to proceed in forma pauperis and request for appointment of counsel.  *See* ECF No. 1.  Considering Plaintiff's pro se status, the Court will liberally construe his filing and, for ease of reference, refer to the document as the Complaint.  Where necessary and appropriate, the Court has considered subsequent filings by Plaintiff to help clarify and provide context to his allegations.

[2] In later filings, Plaintiff also asserts similar allegations against a federal judge presiding over Plaintiff's bankruptcy proceeding and unspecified federal district courts.  *See, e.g.*, ECF No. 19 at 2, 17–18.

Carolina, acting through its court officers and the North Carolina State Bar, of depriving him and other African American citizens of the right to earn a living and raise a family.  *Id.* at 6.  Although Plaintiff names the United States as the defendant, the Complaint's allegations solely concern state officials and private parties.

**B.    Procedural History**

On November 4, 2021, Plaintiff filed his Complaint in this Court.  *See* ECF No. 1.  Plaintiff requested appointment of counsel and to proceed in forma pauperis but did not submit the court's standard in forma pauperis application ("IFP application") attesting to his limited financial means. *Id.*  The Court ordered him to correct the oversight or pay the requisite filing fees by December 15, 2021.  *See* Order, ECF No. 6.

On November 23, 2021, Plaintiff filed a Motion for Relief expanding on the claims in the Complaint.  *See* ECF No. 7.  This Motion, among other things: (1) moved to compel North Carolina court officials to produce documents submitted to this Court that the state has allegedly seized; (2) invoked Plaintiff's "victim's rights" against state court and federal bankruptcy court officials; (3) sought en banc determination of his case; (4) requested an extension of time to submit additional information in support of his IFP application; and (5) restated his request for an attorney.  On November 30, 2021, Plaintiff submitted a formal IFP application.  *See* ECF No. 16.  He also submitted a volley of other motions and supplemental briefing related to his claims, including: (1) an "affirmative notice" of a complaint he filed with the United States Department of Agriculture ("USDA") about the alleged misuse of grant funds by North Carolina, *see* ECF No. 17; (2) an "illustrative notice," which provides further background to the real estate fraud claim alleged in the Complaint, *see* ECF No. 18; (3) an amendment to his Motion for Relief, which expands on the

allegations in the Complaint, *see* ECF No. 19; and (4) a second motion requesting en banc determination of his claims, *see* ECF No. 22.[3]

On December 3, 2021, Defendant filed a Motion to Dismiss Pro Se Complaint for lack of subject-matter jurisdiction and failure to state a claim. *See* ECF No. 9. On January 3, 2022, Plaintiff responded, but failed to serve a copy of his filing on Defendant's counsel. *See* Order, ECF No. 15. The Court admitted his defective filing on January 7, 2022. *Id.*

## II. DISCUSSION

### A.    Jurisdiction of the Court of Federal Claims

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Derived from the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

---

[3] Because the Court lacks subject-matter jurisdiction over Plaintiff's claims, it is not necessary to address the merits of most of these filings. With the exception of Plaintiff's IFP application and request for appointment of counsel, which are denied as further explained below, all remaining motions filed by Plaintiff (ECF Nos. 7, 19, 22) are denied as moot.

**B.**       **Standard of Review for Rule 12(b)(1) Motion**

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

When a plaintiff files a complaint as a pro se litigant, the Court construes the allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this leniency, a pro se litigant must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (Fed. Cir. 1983); *see also Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Regardless of pro se status, a plaintiff always bears the burden of establishing subject-matter jurisdiction. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

**C.**       **Defendant's Motion to Dismiss is Granted.**

Defendant contends the Court lacks jurisdiction over Plaintiff's Complaint for three reasons. First, although Plaintiff names the United States as the sole defendant in the case, the Complaint only alleges misconduct by state officials and private parties. *See* ECF No. 9 at 2. Second, even liberally construing the Complaint as an illegal exaction claim against the United States, Plaintiff does not point to a federal statute or contract that entitles him to an award of money

damages against the United States.  *Id.*  Third, the Complaint does not seek monetary damages from Defendant; instead, it requests only declaratory or injunctive relief against further bad acts by state officials.  *Id.* at 3.  Plaintiff responds that the Court has jurisdiction under 28 U.S.C. §§ 455 and 1331–1441 to rectify constitutional and civil rights abuses by state court officials.  *See* ECF No. 20 at 2.

The Court finds that Plaintiff's Complaint must be dismissed under RCFC 12(b)(1) because the allegations do not establish subject-matter jurisdiction for any claim.  In the Court of Federal Claims, "the only proper defendant . . . is the United States."  *Stephenson v. United States*, 58 Fed. Cl. 186, 191 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see Winston v. United States*, 465 F. App'x 960, 961 (Fed. Cir. 2012).  In other words, "if the relief sought is against others than the United States, the suit must be ignored as beyond the jurisdiction of the court."  *Sherwood*, 312 U.S. at 588.  This limit on the Court's jurisdiction excludes claims where a plaintiff alleges harm by a private individual or entity.  *See Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *Potter v. United States*, 124 Fed. Cl. 469, 474–75 (2015).  It likewise excludes "claims alleged against states, localities, state and local government entities, or state and local government officials and employees," *Harvey v. United States*, 149 Fed. Cl. 751, 765 (2020) (quoting *Weir v. United States*, 141 Fed. Cl. 169, 177 (2018) (internal quotations omitted)), as well as "claims against individual federal government officials or judges," *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) (collecting cases).

When determining jurisdiction, this Court considers the substance of a complaint over its form.  *See Williams v. Sec'y of Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986); *see also Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998).  To meet the jurisdictional

requirements, a plaintiff's complaint must not only name the United States as the defendant, but its allegations also must implicate the United States. *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing landowner's complaint related to local river project, which captioned the United States as the sole defendant, because all substantive allegations were against state and private entities).

Plaintiff's claims are beyond this Court's jurisdiction because he complains only of harm by state officials, federal judges, and private parties. In the Complaint, Plaintiff alleges a 20-year-long corruption scheme, but none of his allegations involve the United States. Plaintiff accuses Mrs. Hankins of obtaining a $466,500 mortgage on a house he owned and Mr. Shearon of systematically selling off property Plaintiff purchased for development, but each of these individuals are private parties outside the jurisdiction of the Court. ECF No. 1 at 8; *see Edelmann*, 76 Fed. Cl. at 380. The Complaint also levies allegations of judicial misconduct and unlawful acts at various court officials, but these allegations solely involve state officials. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (dismissing claims implicating state and local officials for lack of jurisdiction). Even considering Plaintiff's allegations of misconduct by a federal bankruptcy judge or by any federal district judge, as asserted in subsequent filings, the Court of Federal Claims is an improper forum to litigate such claims. *See Pikulin*, 97 Fed. Cl. at 75. Nor is this Court the appropriate forum to challenge alleged errors that occurred in separate federal and state court litigation. *See, e.g.*, *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("[T]he Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) ("[The Court of Federal Claims] lacks jurisdiction to review the decisions of state courts.").

Plaintiff's request for relief confirms that jurisdiction is misplaced.  In the Complaint, Plaintiff notes that he is not seeking compensation for actions by the federal government, but rather injunctive relief against the individuals who caused him harm.  For example, Plaintiff states: "Money is nice but we do not need that to go back to work, we just need [an] assurance that what we make will not be stolen or otherwise illegally seized by a State Court officer, that is something North Carolin[a] has failed to provide us with . . . ."  ECF No. 1 at 19.  He further states that "all [he is] asking for this time" is to have certain court orders vacated and to have "Mrs. Hankins and the other non-officers of the Court [charged] with the felonious crimes they have committed . . . ." *Id.* at 18.  It is thus clear that Plaintiff does not request money damages against the federal government.  *See Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) (holding that jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages by the United States as compensation for violation of such laws and does not extend to claims for equitable relief).

Plaintiff's subsequent filings and motions for various relief further highlight that his claims are directed at the actions of state and federal officials and private parties.  Plaintiff's "affirmative notice" is merely notice of a complaint filed with the USDA related to actions allegedly taken by the state of North Carolina.  *See* ECF No. 17.  The notice restates allegations made in his Complaint and alleges further harm by state officials.  Plaintiff's "illustrative notice" provides added context to his claims of real estate fraud but does not invoke the United States as a participating party.  *See* ECF No. 18.  Plaintiff's Motion to Amend his Motion for Relief restates the claims in his Complaint, which again do not involve specific allegations against the United States.  *See* ECF No. 19.  As such, Plaintiff's Complaint must be dismissed.

**D.     Plaintiff's Complaint Is Frivolous, Warranting Dismissal of This Action and Denial of Plaintiff's IFP Application.**

A separate basis exists for dismissing this action because Plaintiff's claims are frivolous. Actions filed in forma pauperis are subject to a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which requires a court to dismiss a complaint at any time once it is deemed frivolous. *Id.*; *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (affirming the importance of this oversight, noting that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). A complaint is frivolous if it is without an arguable basis either in law or fact. *See Neitzke*, 490 U.S. 319 at 325; *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014); *Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 422 (2020).

Judges of this court have dismissed cases as frivolous under § 1915(e) where the claims were beyond the court's jurisdiction, the complaint set forth wholly incredible allegations, and the pro se plaintiff demonstrated a pattern of filing numerous frivolous actions in federal courts. *See Perales v. United States*, 133 Fed. Cl. 417, 418 (2017); *see also Grant v. United States*, 129 Fed. Cl. 790, 792–93 (2017) (noting, among other considerations, that the plaintiff "brought strikingly similar claims in other federal courts that were found to be frivolous and dismissed").

Similarly, here, Plaintiff has filed at least two prior civil actions in forma pauperis in other federal courts that have been recommended for dismissal as frivolous.[4] In the first case, Plaintiff brought claims alleging a conspiracy by state officials to violate his civil rights based on similar

---

[4] Additionally, Plaintiff recently filed a suit in forma pauperis based on similar allegations against North Carolina officials and private parties that was dismissed for lack of jurisdiction. *Hankins v. North Carolina*, No. 21-CV-1066, 2021 WL 4785032, at *1 (D.D.C. June 14, 2021), *aff'd*, No. 21-5156, 2021 WL 4765428 (D.C. Cir. Oct. 7, 2021) (dismissing action seeking an injunction against enforcement of a distribution order in North Carolina state court divorce proceedings, which disposed of marital assets including real property).

allegations raised in this case, which the Magistrate Judge recommended be dismissed as frivolous under § 1915(e).  *See* Order and M.&R., *Hankins v. North Carolina*, No. 7:18-CV-37-D (E.D.N.C. Aug. 20, 2018), ECF No. 14 (dismissing Plaintiff's challenges to child custody, equitable distribution, and property seizure orders issued in North Carolina state courts).  In another case, the same Magistrate likewise recommended Plaintiff's claims be dismissed as frivolous because they were duplicative of the claims raised in the prior action and thus failed for the same reasons.  *See* Order and M.&R., *Hankins v. North Carolina*, No. 7:18-CV-61-D (E.D.N.C. Aug. 21, 2018), ECF No. 7.  In both cases, Plaintiff later voluntarily dismissed his claims.  *See Hankins v. North Carolina*, No. 7:18-CV-37-D, 2019 WL 8014099, at *1 (E.D.N.C. May 8, 2019); *Hankins v. North Carolina*, No. 7:18-CV-61-D, 2019 WL 8014100, at *1 (E.D.N.C. May 10, 2019).

As discussed above, none of Plaintiff's claims in the instant action—which overlap with claims brought in the prior actions—fall within the Court's jurisdiction.  Additionally, Plaintiff's allegations provide no factual or legal support for the relief he seeks against numerous private parties and state court officials who allegedly committed a variety of violations of law.  *See Perales*, 133 Fed. Cl. at 418; *Johnson v. United States*, 1:15-CV-00578, 2015 WL 1793616, at *1 (D.D.C. Apr. 13, 2015).  For these reasons, Plaintiff's Complaint should be dismissed as frivolous and his IFP application is denied.

## E.    Plaintiff's Request for Appointment of Counsel Is Denied.

Plaintiff's Complaint requests an attorney pursuant to 28 U.S.C. § 1915(e)(1).  *See* ECF No. 1 at 1; *see also* ECF No. 7 at 9.  It is not readily apparent whether he requests the assistance of an attorney for purposes of the state court proceedings referred to in the Complaint or for

representation in this case.  The Court has no authority to grant such relief in the former scenario, and its authority with respect to the latter is extremely limited.

"[I]n civil proceedings, 'the right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances.'" *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) (quoting *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988)).  Although § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel," *id.*, only "civil cases that present an extreme hardship to petitioner" warrant the exercise of this discretionary power.[5]  *See Washington v. United States*, 93 Fed. Cl. 706, 709 (2010) (citing, *e.g.*, *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 30–32 (1981) (child custody), and *Vitek v. Jones*, 445 U.S. 480, 496–97 (1980) (plurality) (civil commitment)); *see also Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (observing that generally no right to counsel exists for indigent civil litigants where no potential for loss of personal freedom exists if action is lost).

Although Plaintiff's Complaint raises allegations of a wide-spread fraud that has purportedly resulted in the loss of his property and real estate development business, it does not involve either the type of extraordinary circumstances or extreme hardship contemplated in the exercise of the Court's power under § 1915(e)(1).  *See Jiron v. United States*, 118 Fed. Cl. 190, 198 (2014) ("Plaintiff's Complaint, alleging causes of action against various officials, employees,

---

[5]  In a non-precedential decision, the United States Court of Appeals for the Federal Circuit held that the Court of Federal Claims "has no statutory authority to appoint counsel" under § 1915(e) because it is not an Article III court and thus not "a court of the United States" to which that section applies. *Kimble v. United States*, 25 F. App'x 926, 929 (Fed. Cir. 2001).  28 U.S.C. § 2503(d), however, provides that "[f]or the purpose of construing section[] . . .1915 . . . of this title . . . the United States Court of Federal Claims shall be deemed to be a court of the United States." *Id.*; *see Washington*, 93 Fed. Cl. at 708 (noting that "the commentary in *Kimble* did not take into account the provisions of 28 U.S.C. § 2503(d)").  Moreover, without addressing *Kimble*, the Court of Appeals has more recently recognized the, albeit limited, power of the Court of Federal Claims to appoint counsel.  *See Wright v. United States*, 701 F. App'x 967, 971 (Fed. Cir. 2017) ("As the Claims Court correctly noted, . . . its power to appoint counsel in civil cases is limited.").

and judges . . . simply does not 'present an extreme hardship' sufficient to warrant appointment of counsel." (quoting *Washington*, 93 Fed. Cl. at 709)).  For these reasons, Plaintiff's request for an attorney is denied.

## IV. CONCLUSION

For the reasons set forth above, this Court's limited jurisdiction does not extend to Plaintiff's claims.  Accordingly, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1).  The Clerk is directed to enter judgment accordingly.

The Court further **ORDERS** that Plaintiff's IFP Application (ECF No. 16) and request for an attorney are **DENIED**.

On January 10, 2022, the Court received Plaintiff's defective Notice of Change of Address. That notice is deemed **ADMITTED** by leave of the Court and the Clerk is directed to update Plaintiff's contact information accordingly.  The Clerk is directed to reject Plaintiff's defective submissions received on December 22, 2022 (Notice Emergency) and January 10, 2022 (Motion for En Banc Determination).

All remaining motions filed by Plaintiff (ECF Nos. 7, 19, 22), are **DENIED AS MOOT.**

**SO ORDERED**.

Dated: January 14, 2022                              */s/ Kathryn C. Davis*
                                                 KATHRYN C. DAVIS
                                                 Judge